**Martin W. SMITH**

v.

**MASSACHUSETTS REGISTRY OF MOTOR VEHICLES; Jerold A. Gnazzo, Registrar; and Ed Woodson, Registry Hearing Officer.**

Civil Action No. 96–10391–GAO.

United States District Court,
D. Massachusetts.

Nov. 7, 1996.

Martin W. Smith, Hyde Park, MA, pro se.

Edward Wu, Attorney General's Office, Boston, MA, for Massachusetts Registry of Motor Vehicles, Jerald A. Gnazzo and Ed Woodson.

## MEMORANDUM OF DECISION

O'TOOLE, District Judge.

Chapter 90, § 22(f) of the Massachusetts General Laws provides that "[t]he registrar [of motor vehicles] shall suspend, without hearing, the license or right to operate of a person who is convicted of a violation of any provision of chapter ninety-four C[1] ... provided, however, that the period of such suspension shall not exceed five years." To implement that requirement the Registrar has promulgated guidelines imposing suspensions of varying lengths for different convictions. Mass.Regs.Code tit. 540, § 20.03. Under the Registrar's "Suspension Schedule," a person convicted of distributing a controlled substance within 1000 feet of a school will have his license suspended for the full five years, as authorized by the statute. See Mass.Regs.Code tit. 540, § 20.03(1)(e).

On March 21, 1994, the plaintiff, Martin W. Smith, was convicted of distribution of a Class D controlled substance (marijuana) within 1000 feet of a school. See Mass. Gen.L. ch. 94C, § 32J. The Registrar applied his regulation to Smith and suspended his driver's license for five years. Smith here claims that the suspension violated the Double Jeopardy Clause of the United States Constitution because it punished him a second time for the same conduct. The defendants have moved to dismiss the complaint for the reason that it fails to state a claim upon which relief can be granted.[2]

The Double Jeopardy Clause forbids a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. *United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). The Double Jeopardy Clause, however, is not violated when the convicted individual simply receives all the punishment permitted by law as a result of a single proceeding. *Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983). Moreover, a legislature "may impose both a criminal and a civil sanction in respect to the same act or omission." *Helvering v. Mitchell,* 303 U.S. 391, 399, 58 S.Ct. 630, 633, 82 L.Ed. 917 (1938). In this case, Smith was subjected to only one proceeding; the suspension of his driver's license followed automatically upon his conviction. There was no multiple punishment in violation of the Double Jeopardy Clause.

Smith also claims that the defendants' suspension of his license violates his Equal Protection Rights and Substantive Due Process Rights under the United States Constitution. However, he has not alleged facts that could be construed as sufficient to make out a prima facie case of either constitutional provision.

Accordingly, the defendants' motion to dismiss for failure to state a claim is GRANTED, and the complaint is hereby DISMISSED.

SO ORDERED.

---

1. Chapter 94C regulates "controlled substances."

2. The defendants also moved to dismiss for improper service, *see* Fed.R.Civ.P. 12(b)(5), but waived this objection at the hearing on the motion.