**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**John M. FERREL, Defendant–Appellant.**

No. 95CA1095.

Colorado Court of Appeals, Div. IV.

Nov. 29, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Robert M. Petrusak, Senior Assistant Attorney General, Denver, for Plaintiff–Appellee.

John M. Ferrel, Pro Se.

Opinion by Judge CASEBOLT.

■ Defendant, John M. Ferrel, appeals the judgment of conviction entered after he was found guilty of driving with a revoked license. On appeal, defendant's sole contention is that his conviction is barred by principles of double jeopardy because the People had brought a prior *in rem* civil nuisance action, based on this charge, seeking forfeiture of his vehicle under § 16–13–303(1)(i), C.R.S. (1986 Repl.Vol. 8A). We disagree with his contention and, therefore, affirm.

■ The Double Jeopardy Clauses of the Fifth Amendment and Colo. Const. art. II, § 18, prohibit the State from placing a person in jeopardy twice for the same offense. The Double Jeopardy Clauses protect individuals against three separate abuses: (1) a *separate prosecution for the same offense after acquittal;* (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same crime. *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989); *Boulies v. People,* 770 P.2d 1274, (Colo.1989). The third category prohibiting multiple punishments is at issue here.

■ In order to establish that the state has imposed multiple punishments in violation of the Double Jeopardy Clauses, an individual must demonstrate that: (1) the state has subjected the individual to separate proceedings; (2) the conduct precipitating the separate proceedings consisted of one offense; and (3) the penalties in each of the proceedings may be considered "punishment" for the purposes of the Double Jeopardy Clauses. *Deutschendorf v. People*, 920 P.2d 53 (Colo.1996); *People v. Olson*, 921 P.2d 51 (Colo.App.1996). The third prong of this test—whether an *in rem* civil forfeiture proceeding constitutes "punishment"—is at issue here.

In considering this issue, the supreme court in *People v. Milton*, 732 P.2d 1199 (Colo.1987), held that a forfeiture under the Abatement of Public Nuisance statute, § 16–13–301, et seq., C.R.S. (1986 Repl.Vol. 8A), does not constitute punishment for purposes of double jeopardy analysis and, therefore, does not violate the multiple punishment prohibition of the Double Jeopardy Clauses of the United States and Colorado constitutions. Defendant argues that *People v. Milton, supra*, is no longer controlling in light of subsequent United States Supreme Court decisions including *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989) and *Department of Revenue v. Kurth Ranch*, 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994). Those cases generally hold that, for purposes of double jeopardy analysis, a civil penalty may constitute a punishment if it serves retributive or deterrent goals. However, because of the Supreme Court's recent decision in *United States v. Ursery*, —— U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996), we reject the defendant's argument and find *Milton* dispositive.

In *United States v. Ursery, supra*, the issue was whether *in rem* civil forfeitures constitute punishment for double jeopardy purposes. The Court found that the rules it had articulated in *Halper* and *Kurth Ranch* did not apply to *in rem* civil forfeiture proceedings and did not replace the longstanding, general rule that civil forfeitures do not constitute punishment for the purpose of analysis under the Double Jeopardy Clause.

■ The *Ursery* Court further ruled that the correct test to use in determining whether a civil forfeiture constitutes "punishment" for double jeopardy purposes is the two-part test expressed in *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984). The two-part test of *89 Firearms* requires a court to determine: (1) whether the legislature intended the proceedings to be criminal or civil; and (2) whether the proceedings are so punitive in fact as to persuade a court that the forfeiture proceedings may not legitimately be viewed as civil in nature, despite the legislature's intent. *United States v. Ursery, supra*. The *Milton* court applied the two-part test of *89 Firearms* and concluded that the primary purpose of a forfeiture action under § 16–13–301, C.R.S. (1986 Repl. Vol. 8A) is not to punish, but rather to abate public nuisances. As required by the *89 Firearms* test, the *Milton* court first determined that the language of the statute revealed the General Assembly's intent that forfeiture actions be civil in nature.

Next, in *People v. Milton, supra*, 732 P.2d at 1204, the court found "nothing in the statutory scheme so punitive in either purpose or effect as to negate the legislature's expressed intent to treat an action to abate a public nuisance as a civil proceeding." The court reasoned that, while the forfeiture of the offending property is not without burdensome consequences to the owner of the property, a forfeiture is primarily directed toward achieving the salutary goal of preventing and terminating the harmful use of the property. We find nothing in the amended version of § 16–13–301, et seq., C.R.S. (1996 Cum. Supp.) to warrant a contrary interpretation.

■ Here, because the *Milton* court used the appropriate two-part test as required by *Ursery*, the *Milton* holding is controlling. Thus, the *in rem* forfeiture proceeding under § 16–13–303(1)(i) does not constitute punishment for the purpose of double jeopardy analysis and, therefore, the prosecution of the defendant for driving with a revoked

license did not violate the Fifth Amendment or Colo. Const. art. II, § 18.

The judgment of conviction is affirmed.

NEY and DAVIDSON, JJ., concur.