**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Theodore K. COOLIDGE, Defendant–
Appellant.**

**No. 96CA1108.**

Colorado Court of Appeals,
Div I.

Sept. 25, 1997.

Rehearing Denied Oct. 30, 1997.

Certiorari Denied April 13, 1998.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Kim L. Montagriff, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Wade H. Eldridge, P.C., Wade H. Eldridge, Denver, for Defendant–Appellant.

Opinion by Judge MARQUEZ.

Defendant, Theodore Keith Coolidge, appeals the judgment of conviction entered upon his plea of guilty to first degree kidnapping and one count under the violent crime sentencing statute. Defendant contends that his conviction is barred by principles of double jeopardy because the People had brought a prior civil forfeiture action, based on these charges, seeking forfeiture of his home under § 16–13–303(1)(i), C.R.S.1997. He also contends that imposition of a prison sentence of twenty years, following the forfeiture of his home, constitutes excessive punishment. We affirm.

The charges involve defendant's restraint and assault of the victim over a two-day period. Defendant was initially charged with one count of first degree kidnapping and one count of criminal conspiracy to commit first degree kidnapping, and other counts were added later.

The prosecutor then filed a civil complaint pursuant to the public nuisance statute, seeking forfeiture of the defendant's home. The record indicates defendant entered a confession of judgment in the forfeiture proceeding on March 22, 1996.

Defendant ultimately pleaded guilty to first degree kidnapping and mandatory sentencing for violent crime on March 25, 1996, and the other charges were dismissed.

On April 30, 1996, defendant filed a motion to dismiss the criminal charges, asserting violations of state and federal prohibitions against double jeopardy and excessive punishment. This appeal followed the denial of that motion.

## I.

Defendant first contends that the same offenses were the basis of two separate proceedings and that the civil forfeiture of his home pursuant to the Colorado Public Nuisance Act is punishment for purposes of the federal and state double jeopardy clauses. He also asserts that his twenty-year sentence violates the Double Jeopardy Clause of Colo. Const. art. II, § 18, that the Double Jeopardy Clause bars successive punishments based on the same offense, and that he had not waived his rights under the Fifth Amendment. We reject these arguments.

The Double Jeopardy Clause of the Fifth Amendment and that of Colo. Const. art. II, § 18, protect the accused against multiple punishments for the same offense. *Boulies v. People*, 770 P.2d 1274 (Colo.1989).

In order to establish that the state has imposed multiple punishments in violation of the Double Jeopardy Clauses, an individual must demonstrate that: (1) the state has subjected the individual to separate proceedings; (2) the conduct precipitating the separate proceedings consisted of one offense; and (3) the penalties in each of the proceedings may be considered punishment for the purposes of the Double Jeopardy Clauses. *Deutschendorf v. People*, 920 P.2d 53 (Colo.1996) (administrative driver's license revocation does not constitute punishment for double jeopardy purposes).

The supreme court, in *People v. Milton*, 732 P.2d 1199 (Colo.1987), held that a forfeiture under the Colorado Abatement of Public Nuisance Statute, Colo. Sess. Laws 1981, ch. 203, § 16–13–301, et seq., at 954–958, is a civil proceeding and does not violate defendant's constitutional guarantees against punishment under the Double Jeopardy Clauses of the United States and Colorado Constitutions.

More recently, the United States Supreme Court in *United States v. Ursery*, 518 U.S. 267, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996) considered the issue whether civil forfeitures constitute punishment for double jeopardy purposes. The Court adopted the two-part test of *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984), for determining whether a civil forfeiture constitutes punishment for double jeopardy purposes. The elements of that test are: (1) whether Congress intended the proceeding to be criminal or civil; and (2) whether the proceedings are so punitive in fact as to persuade a court that the forfeiture proceedings may not legitimately be viewed as civil in nature, despite Congress' intent.

■ We consider an analogous test, premised on the intent of the General Assembly, to be applicable to the Double Jeopardy claims at issue here.

The public nuisance statute, § 16–13–302, C.R.S.1997, provides as follows:

It is the policy of the general assembly that every public nuisance shall be restrained, prevented, abated, and perpetually enjoined.... The general assembly intends that proceedings under this part 3 be remedial and equitable in nature.

Thus, if we apply the first of the two-part test described above, it is clear that the General Assembly intended forfeiture proceedings under the public nuisance statute to be civil.

Further, in *People v. Milton, supra*, the Colorado Supreme Court applied the two-part test of *United States v. One Assortment of 89 Firearms, supra*, and concluded that a forfeiture action under § 16–13–301, is essentially civil in nature and that its primary purpose is to abate public nuisances. Additionally, it found that nothing in the statutory scheme is so punitive in either purpose or effect as to negate the General Assembly's expressed intent to treat an action to abate a public nuisance as a civil proceeding. Rather, its sanctions are primarily directed toward achieving the salutary goal of preventing and terminating the harmful use of the property. *People v. Milton, supra; People v. Ferrel*, 929 P.2d 65 (Colo.App.1996) (finding nothing in the amended version of the

public nuisance statute, § 16–13–301, C.R.S. 1997; to warrant a contrary conclusion to that reached by the *Milton* court).

Thus, we conclude that the civil forfeiture proceeding here does not constitute punishment for purposes of double jeopardy analysis. Accordingly, the prosecution of defendant for kidnapping and crime of violence did not violate the Fifth Amendment or Colo. Const. art. II, § 18.

II.

■ Defendant also contends that the value of the property forfeited greatly exceeded the cost of prosecution, and thus, further prosecution and his twenty-year sentence constitute excessive punishment under the Eighth Amendment and Colo. Const. art. II, § 20. Specifically, defendant argues that a sentence of twenty years is "excessive and Cruel and Unusual." We disagree.

■ The Eighth Amendment and Colo. Const. art. II, § 20 prevent punishments that are disproportionate to the severity of the crimes committed. However, the Eighth Amendment does not require strict proportionality between the crime and the sentence; it forbids only extreme sentences that are grossly disproportionate to the crime. *People v. Mershon*, 874 P.2d 1025 (Colo.1994).

In addition, the Excessive Fines Clause of the Eighth Amendment limits the government's power to extract payment for the same offense. *Alexander v. United States*, 509 U.S. 544, 113 S.Ct. 2766, 125 L.Ed.2d 441 (1993).

■ In determining whether a sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment, an appellate court may not substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence but may only determine whether a sentence is within constitutional limits. *People v. Nieto*, 715 P.2d 1262 (Colo.App.1985).

Here, defendant confessed judgment in the civil forfeiture proceeding and that proceeding is not before us. The twenty-year sentence imposed, however, is within the appro-

priate sentencing range for the crime of first degree kidnapping and crime of violence. Further, the authorities cited by defendant do not support the apparent underlying premise of his argument, *i.e.,* that the value of the property forfeited can be added to the sentence for purposes of cruel and unusual punishment analysis. *See Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993) (Excessive Fines Clause); *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989) (double jeopardy).

In *Alexander v. United States, supra,* petitioner argued that a forfeiture in addition to his prison term violated the Eighth Amendment either as cruel and unusual punishment or as an excessive fine. However, there, the defendant was subjected to *criminal* forfeiture as well as a six-year prison sentence. *See also United States v. Deninno,* 103 F.3d 82 (10th Cir.1996) (Cruel and Unusual Punishment Clause of the Eighth Amendment does not apply to forfeitures).

Accordingly, we reject defendant's contention and conclude that the twenty-year sentence does not constitute cruel and unusual punishment under either the United States or Colorado Constitution.

Because we do not have the civil forfeiture proceeding before us, we do not address any argument based on the Excessive Fines Clause.

Accordingly, the judgment and sentence are affirmed.

METZGER and CRISWELL, JJ., concur.