**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Toby J. MAYES, Defendant–Appellant.**

No. 98CA0204.

Colorado Court of Appeals, Div. I.

April 29, 1999.

Gale A. Norton, Attorney General, Richard A. Westfall, Solicitor General, John Daniel Dailey, Deputy Attorney General, Robert Mark Russel, First Assistant Attorney General, Miles Madorin, Special Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

Philip A. Cherner, Denver, Colorado, for Defendant–Appellant

Opinion by Judge TAUBMAN.

Defendant, Toby J. Mayes, appeals from the trial court order denying his motion for post-conviction relief pursuant to Crim. P. 35(c). We affirm, but remand for correction of the mittimus.

Pursuant to a plea agreement in which other charges were dismissed, defendant pled guilty to a single count of sexual assault on a child committed in August 1993. Defendant signed a written plea agreement which advised him that the presumptive range for the offense was two to eight years in the custody of the Department of Corrections (DOC), after which he "could be required to serve up to five years on parole after serving a sentence."

Initially, the court sentenced defendant to two years of probation. Defendant's probation was subsequently revoked and the court resentenced him to five years in a community corrections facility. That sentence also was revoked and defendant was again resentenced, this time to five years in the DOC (with credit for time served in custody).

However, when resentencing defendant, the trial court did not mention that defendant would be required to serve a mandatory five-year term of parole. The trial court also did not note the mandatory parole period on the mittimus.

Defendant then filed this Crim. P. 35(c) motion alleging that, by requiring him to serve a five-year period of parole upon release from prison, the parole board was violating state and federal constitutional prohibitions against double jeopardy. The trial court concluded that defendant's motion was without merit and denied it in a written order without conducting a hearing. This appeal followed.

## I. Sufficiency of Trial Court Ruling

Defendant first argues that the trial court's denial of his motion cannot be sustained because its findings of fact and conclusions of law are insufficient. We disagree.

■ A trial court may deny a Crim. P. 35(c) motion for post-conviction relief without a hearing if the motion, files, and record of the case show that the defendant is not entitled to relief. Although the trial court is required to make the necessary factual findings and conclusions of law, the court's failure to do so is harmless when the motion may be denied as a matter of law. Crim. P. 35(c)(3); *People v. Hartkemeyer*, 843 P.2d 92 (Colo.App.1992).

As more fully set forth below, we conclude that defendant's motion was properly denied as a matter of law. Accordingly, we conclude that any inadequacy in the trial court's factual findings and legal conclusions was harmless.

## II. Double Jeopardy

Defendant contends that requiring him to serve a five-year period of mandatory parole violates the constitutional prohibitions against double jeopardy. More specifically, defendant asserts that his right not to be subject to double jeopardy was violated by being subject to separate sentencing proceedings by the trial court and the parole board. We disagree.

As pertinent here, the constitutional prohibition against double jeopardy protects against multiple punishment for the same offense. *See Deutschendorf v. People,* 920 P.2d 53 (Colo.1996).

■ In order to establish that the state has imposed multiple punishments in violation of the prohibition against double jeopardy, an individual must demonstrate that: (1) the state has subjected the individual to separate proceedings; (2) the conduct precipitating the separate proceedings consisted of one offense; and (3) the penalties in each of the proceedings may be considered punishment for the purposes of double jeopardy. *People v. Coolidge,* 953 P.2d 949 (Colo.App.1997).

We conclude that defendant has not been subjected to separate proceedings and, therefore, do not address the other two prongs of the *Coolidge* multiple punishment test.

■ For crimes committed after July 1, 1993, the General Assembly has established an integrated sentencing scheme under which every sentence to the Department of Corrections must be followed by a mandatory term of parole. Section 18–1–105(1)(a)(V)(A), C.R.S.1998. By its terms, this statute establishes two components of a single sentence. Therefore, because mandatory parole is a required part of any sentence to the DOC, it is not a second sentence for the same crime and does not violate the protection against double jeopardy. *See People v. Barth,* 981 P.2d 1102 (Colo.App.1999) (mandatory period of parole does not constitute multiple punishment for the same offense and, thus, does not violate a defendant's right against double jeopardy); *see also People v. Smith,* 944 P.2d 639 (Colo.App.1997) (statutorily required imposition of multiple punishments upon a defendant in a single proceeding does not violate double jeopardy protections); *People v. Hunter,* 738 P.2d 20 (Colo.App.1986) (parole part of original sentence), *aff'd,* 757 P.2d 631 (Colo.1988); *cf. United States v. Alamillo,* 754 F.Supp. 827 (D.Colo.1990), *aff'd,* 941 F.2d 1085 (10th Cir.1991) (imposition of supervised release as part of sentence for drug offenses did not constitute double jeopardy because it was part of a single sentence under a statute that allowed for supervised release in addition to incarceration).

■ Nevertheless, defendant contends that he has unlawfully been subject to separate sentencing proceedings because the parole board, rather than the trial court, determines the length of the period of parole. In this regard, defendant relies on § 17–22.5–403(7), § 18–1–105(1)(a)(V)(B), *and* § 18–1–105(1)(a)(V)(D), C.R.S.1998.

Section 17–22.5–403(7) provides:

[F]or any offender who is incarcerated for an offense committed on or after July 1, 1993, upon application for parole, the *state board of parole,* working in conjunction with the Department and using the guidelines established pursuant to § 17–22.5–404, shall determine whether or not to grant parole. The State Board of Parole, if it determines that placing an offender on parole is appropriate, *shall set the length of the period of parole at the mandatory period of parole* established in § 18–1–105(1)(a)(V), C.R.S. If an application for parole is refused by the State Board of Parole, the State Board of Parole shall reconsider within one year thereafter whether such inmate should be granted parole . . . . (emphasis added)

Further, § 18–1–105(1)(a)(V)(D) states in part that when an offender is released by the State Board of Parole, the mandatory period of parole shall be served by such offender.

However, § 18–1–105(1)(a)(V)(B) permits the State Board of Parole to discharge an offender at any time during the term of that mandatory parole, upon the determination that the offender has been sufficiently rehabilitated and reintegrated into society and can no longer benefit from parole supervision. Defendant therefore argues that because the ·trial court, on the one hand, and the parole board, on the other, can impose different parts of a sentence, his sentence is imposed in separate proceedings, in violation of the prohibition against double jeopardy.

What defendant ignores, however, is that his period of parole was mandatory under § 18–1–105, because it was required as a part of the initial sentence. *See People v. Barth, supra.* Thus, because the General

Assembly has mandated a period of parole for all convicted felons, in addition to a sentence to DOC, defendant has not been subjected to separate proceedings for the imposition of his sentence.

Indeed, to the extent that the parole board plays a role in determining the length of defendant's sentence, it is only effectively to *shorten* the period of such otherwise mandatory parole. *See* § 18–1–105(1)(a)(V)(B) & (D).

We note that defendant urges us to review the legislative history surrounding the enactment of House Bill 93–1302, because he contends that it supports his argument that the General Assembly intended to create a split sentencing scheme when it amended the above statutes. However, because the meaning of the statutory provisions concerning a mandatory period of parole as part of a defendant's sentence is clear, we do not examine such legislative history. *See General Electric Co. v. Niemet,* 866 P.2d 1361 (Colo. 1994) (when language of statute is clear and unambiguous, court applies the statute as written and need not employ interpretive rules of statutory construction).

Accordingly, because defendant has not been subjected to separate proceedings with respect to his sentence, his right to be free from double jeopardy was not violated, and we affirm the trial court's ruling in this regard.

### III. Correction of Mittimus

Because the trial court neglected to specify that its sentence included a mandatory period of parole, we remand the cause with instructions to enter a corrected mittimus. *See People v. Reynolds,* 907 P.2d 670 (Colo.App.1995) (a sentence which does not specify the proper period of parole is illegal and may be corrected by the sentencing court at any time without violating a defendant's rights against double jeopardy). Thus, because defendant's conviction was for a class four felony sex offense committed between July 1, 1993, and July 1, 1996, the amended mittimus should reflect that he is subject to a mandatory five-year period of parole. *See* § 18–1–105(1)(a)(V)(A)(C),

C.R.S.1998; *see also* § 17–22.5–403(7)(a), C.R.S.1998.

The order is affirmed, and the cause is remanded for correction of the mittimus.

Judge METZGER and Judge CASEBOLT concur.