The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Jeremiah J. MORIARITY,
Defendant–Appellant.

No. 98CA1463.

Colorado Court of Appeals,
Div. I.

March 16, 2000.

Certiorari Denied Aug. 21, 2000.*

and § 24–51–1105, C.R.S.1999.

* Justice COATS does not participate.

Ken Salazar, Attorney General, Steven C. Posner, Special Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Kathleen Lord, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge NIETO.

Defendant, Jeremiah J. Moriarity, appeals the trial court's order denying his Crim. P. 35(c) motion for post-conviction relief. We affirm, but remand for correction of the mittimus.

In February 1996, defendant pled guilty to one count of first degree assault—heat of passion, a class-five felony, and was sentenced to the Department of Corrections (DOC) for three years, the maximum in the presumptive range. Although it is not reflected on the mittimus, defendant must also serve an additional two-year period of mandatory parole. Section 18–1–105(1)(a)(V)(A), C.R.S.1999.

Defendant filed a Crim. P. 35(c) motion for post-conviction relief. His motion was denied without a hearing, and this appeal followed.

Defendant asserts that the sentence imposed in this case violates his understanding of the plea agreement. He asserts that his plea agreement should be construed as limiting his possible sentence to the presumptive range because neither he nor the prosecutor contemplated a sentence in the aggravated range due to the absence of any aggravating circumstances in the case. Based on the assumption of this argument, he then claims that his term of imprisonment plus the period of mandatory parole must be limited to the maximum in the presumptive range because he was not properly advised of the mandatory parole requirement. We are not persuaded by either part of his argument.

## I.

The proper interpretation of a plea agreement is a question of law. *St. James v. People*, 948 P.2d 1028 (Colo.1997). It is based not on the subjective understanding of the defendant, but rather on the meaning a reasonable person would have attached to it under the circumstances. Thus, in the ab-

sence of language by the parties indicating they have actually agreed to eliminate or circumvent the mandatory parole requirement, we will construe the plea agreement to provide for a legal sentence. *Craig v. People*, 986 P.2d 951 (Colo.1999); *Benavidez v. People*, 986 P.2d 943 (Colo.1999). Here, defendant's plea agreement contained no sentence concessions by the prosecutor. Sentencing was entered without any constraint on the discretion of the trial court.

### A.

■ Turning first to the plea agreement, the record shows the following. Defendant entered his plea in open court, and it was accompanied by a written plea agreement. The agreement stated the charge defendant would plead guilty to, and noted that the parties had not agreed to any sentence concessions. Counsel for defendant also recited this same agreement at the beginning of the providency hearing. The plea agreement makes no mention of mandatory parole. Defendant does not dispute these facts, but argues that the plea agreement must be read as limiting sentencing to the presumptive range because there were no aggravating circumstances present in the case. We reject this argument.

■ Section 18–1–105(6), C.R.S.1999, permits the sentencing court to impose a sentence twice as long as the maximum in the presumptive range (aggravated range) if the court finds extraordinary aggravating circumstances. Such circumstances can be the mandatory aggravating factors listed at § 18–1–105(9)(a), C.R.S.1999; the sentencing enhancing factors listed at § 18–1–105(9.5), C.R.S.1999; or discretionary factors found by the court pursuant to ˙§ 18–1–105(9)(c), C.R.S.1999. Therefore, unless the sentencing court's discretion is constrained by the plea agreement, a defendant is at risk of receiving a sentence in the aggravated range if the court accepts his or her plea.

Defendant argues that the absence of aggravating circumstances should permit him to *assume* that his plea agreement was limited to a sentence in the presumptive range. Here, as in most cases, the court ordered a pre-sentence investigation report and consid-

ered it along with the statements of counsel and the defendant's allocution, at the sentencing hearing held more than a month after the plea of guilty. At the time the plea was entered, no one could know if the court would find discretionary aggravating circumstances based on the information that would be presented at the time of the sentencing hearing. In light of the mandatory and discretionary aggravating provisions in the sentencing statutes, it was unreasonable for defendant to assume he could not be sentenced in the aggravated range. Therefore, we conclude that a plea agreement that does not constrain the sentencing ˙court's discretion cannot be construed to limit the possible sentence to the presumptive range.

### B.

■ Second, we find the court's advisement regarding mandatory parole sufficient. We review the record as a whole to determine if the defendant was given sufficient information to be fairly put on notice of the fact that a sentence includes a term of mandatory parole. *Craig v. People, supra; People v. District Court*, 868 P.2d 400 (Colo. 1994).

■ An advisement regarding mandatory parole need indicate only that a mandatory parole term occurs after, in addition to, or distinct from any period of imprisonment, and includes the length of parole. *Craig v. People, supra; Benavidez v. People, supra* (an advisement of the possible penalties that includes a period of mandatory parole is sufficient).

Here, defendant signed a written plea advisement form, and his initials appeared next to the paragraph that included the statement, "I know that I would be required to serve up to five years on parole after serving a sentence." We note that this is very similar to the written advisement the supreme court held sufficient in *Craig*. At the providency hearing, the court asked defendant if he read and understood the written advisement, and defendant stated, "Yes, Sir."

Also at the providency hearing, the court explained the possible penalties defendant faced. The transcript reflects the following:

> THE COURT: Okay. A minimum of one year to maximum of three years to the Department of Corrections. If the court were to find extraordinary aggravation, the court could sentence you as much as six years to the Department of Corrections. If the Court were to find extraordinary mitigating circumstances, the Court can sentence you as little as six months to the Department of Corrections, plus there is a two-year period of mandatory parole.

Defendant argues that the language in the oral advisement informed defendant that the parole requirement would only be applied to an extraordinary mitigated range sentence. We disagree. The oral advisement must be considered with the other parts of the record. When the written and oral advisements are considered together with defense counsel's certification that she had discussed the penalties with defendant and that defendant understood the penalties, we conclude that the record as a whole reveals that defendant was advised that he would have to serve a mandatory period of parole after serving a sentence to the Department of Corrections.

## II.

We also reject defendant's argument that the two year mandatory period of parole cannot now be added to the sentence without violating his double jeopardy rights. The constitutional prohibition against double jeopardy protects against multiple punishments for the same offense. *See Deutschendorf v. People*, 920 P.2d 53 (Colo.1996). Mandatory parole, however, is a required part of defendant's sentence and is not a second punishment for the same offense. *People v. Barth*, 981 P.2d 1102 (Colo.App. 1999); *People v. Mayes*, 981 P.2d 1106 (Colo. App.1999). As a matter of law, mandatory parole was part of defendant's sentence from the time it was first imposed. "[A] mittimus that is silent as to whether the mandatory period of parole is imposed should be read to include the imposition of this requirement." *Craig v. People, supra*, 986 P.2d at 966.

## III.

Defendant contends that the trial court erred in denying his Crim. P. 35(c) motion without appointing counsel and holding a hearing. He asserts that he is entitled to a hearing to establish his understanding of the plea agreement. We disagree.

A trial court may deny a motion for post-conviction relief without an evidentiary hearing and may decline to appoint counsel if the motion, the files, and the record establish that the defendant is not entitled to relief as a matter of law. *Duran v. Price*, 868 P.2d 375 (Colo.1994); *People v. Hartkemeyer*, 843 P.2d 92 (Colo.App.1992). In this case the trial court's file contained a written statement of the plea agreement. As stated above, that agreement cannot be construed to conform to the meaning defendant seeks to impose on it. The file also contains a written advisement and a written statement of counsel confirming that the defendant understood the charge and the possible penalties. These documents, taken together, were sufficient for the trial court to determine without a hearing that defendant was not entitled to the relief he was seeking.

The order is affirmed. However, because the mittimus does not reflect the statutorily required period of mandatory parole, we remand to the trial court with directions to correct the mittimus to indicate that defendant is subject to a two-year period of mandatory parole.

Judge METZGER and Judge RULAND concur.