The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Vichai XIONG, Defendant–Appellant.

No. 99CA0278.

Colorado Court of Appeals,
Div. V.

Aug. 17, 2000.

Ken Salazar, Attorney General, Lauren A. Edelstein, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Lisa Dixon, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

Defendant, Vichai Xiong, appeals the trial court's order denying his Crim. P. 35(c) motion for postconviction relief. We affirm.

Defendant agreed to plead guilty to one count of second degree burglary, a class four felony. At defendant's providency hearing, the court advised him that the presumptive range for a class four felony was between two and four years incarceration, but that, because he was on probation for a felony when the charged offense occurred, his sen-

tence was subject to mandatory aggravation. Accordingly, his sentence would be between four and twelve years. The providency court then expressly advised defendant that there would be a three-year period of parole if, in fact, the court imposed a sentence to the custody of the Department of Corrections (DOC). Defendant acknowledged that he understood.

At the sentencing hearing, the court imposed a four-year sentence to the custody of the DOC. In addition, although not mentioned at the sentencing hearing, the mittimus also includes the statement: "Court imposed a term of parole of three (3) years."

Defendant then filed a timely motion for postconviction relief pursuant to Crim. P. 35(c). In that motion, he asserted that only the parole board, and not the trial court, had jurisdiction to order him to serve parole. Therefore, he argued, the court's sentence was limited to the four-year DOC sentence, and that any imposition of mandatory parole by the parole board would violate his constitutional right against double jeopardy. The trial court denied the motion without a hearing, and this appeal followed.

### I.

■ Relying upon *People v. Snare*, 7 P.3d 1025 (Colo.App. 1999), defendant contends that the trial court has no authority to impose parole; rather, only the parole board has such authority. Accordingly, he asserts, the imposition of mandatory parole is a second punishment for his crime and violates the double jeopardy clauses of the federal and state constitutions. We reject this contention.

■ As pertinent here, the constitutional prohibition against double jeopardy protects against multiple punishment for the same offense. *See Deutschendorf v. People*, 920 P.2d 53 (Colo.1996).

■ To establish that the state has imposed multiple punishments in violation of the prohibition against double jeopardy, a defendant must demonstrate that: (1) the state has subjected him to separate proceedings; (2) the conduct precipitating the separate proceedings consisted of one offense; and (3) the penalties in each of the proceedings may be considered punishment for the purposes of double jeopardy. *People v. Mayes*, 981 P.2d 1106 (Colo.App.1999).

■ For crimes committed after July 1, 1993, the General Assembly has established an integrated sentencing scheme under which every sentence to the DOC must be followed by a mandatory term of parole. Section 18–1–105(1)(a)(V)(A), C.R.S.1999. This statute establishes two components of a single sentence: the sentence of incarceration in the custody of the DOC and a term of mandatory parole. Thus, mandatory parole is a statutorily prescribed sentence component that attaches automatically to any sentence involving incarceration. *Craig v. People*, 986 P.2d 951 (Colo.1999).

■ Since the General Assembly has made mandatory parole a required part of any sentence to the DOC, the state has not subjected a defendant to separate proceedings, and thus, the separate administration of parole by the Parole Board does not violate defendant's protection against double jeopardy. *See People v. Mayes, supra; People v. Moriarity*, 8 P.3d 566 (Colo.App. 2000); *People v. Barth*, 981 P.2d 1102 (Colo.App.1999); *People v. Martin*, 987 P.2d 919 (Colo.App. 1999) (*cert. granted*, Nov. 2, 1999).

Defendant urges us to depart from these established precedents based on the following language from *People v. Snare:*

> [S]ince the mandatory period of parole is imposed, not by the judicial branch, but by the executive branch, it simply does not fall within the trial court's discretionary sentencing authority. Thus, this statutory limitation can refer only to that which is within the court's actual sentencing power; it cannot affect a statutorily required period of mandatory parole over which the court holds no jurisdiction to alter.

We decline to do so for several reasons.

First, we note that this language addresses an entirely different legal issue than the one presented here. *Snare* involved a sentencing court's ability to resentence a defendant to a period of incarceration to the DOC plus a

period of mandatory parole that is greater than the community corrections sentence originally imposed. In fact, *Snare* does not address any issues regarding double jeopardy.

Second, we do not read *Snare* as holding that mandatory parole is exclusively and independently imposed by the parole board, and not by the sentencing court. Even if it could be so read, we would decline to follow it. As our supreme court has recently confirmed, mandatory parole is a part of a sentence imposed by the court. Even though the parole board may administer the parole, that does not mean that the board imposes it. *See Craig v. People, supra.*

Furthermore, the fact that the parole board is the entity that sets the length of the period of parole for both mandatory and discretionary parole after it is judicially imposed, *see* § 17–22.5–403(8), C.R.S.1999, does not affect this result. The parole board may not lengthen the mandatory parole period; instead it can only fully enforce its length or reduce it. This action constitutes the administration of parole, not the imposition of it. Hence, there is no separate penalty imposed in a separate proceeding, and thus, no violation of double jeopardy occurs.

## II.

■ Defendant also contends on appeal that he was not properly advised that the term of mandatory parole would be in addition to, and not in lieu of, his sentence of incarceration. We disagree.

It is undisputed that defendant was advised he was at risk of receiving a sentence of twelve years of incarceration. Thus, any error in advising him regarding mandatory parole is harmless because the term of incarceration plus the term of mandatory parole, a total of seven years, is less than the twelve years defendant was advised he could receive. *Craig v. People, supra.*

The order is affirmed.

Judge RULAND and Judge VOGT concur.