**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

**v.**

**John W. GREEN, Defendant–Appellant.**

**No. 00CA0389.**

Colorado Court of Appeals.
Div. V.

March 29, 2001.

As Modified May 31, 2001.

Rehearing Denied Oct. 25, 2001.

Ken Salazar, Attorney General, Deborah Isenberg Pratt, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

John W. Green, Pro Se.

Opinion by Judge ROTHENBERG.

Defendant, John W. Green, appeals from the trial court's order denying his Crim. P. 35(c) motion for post-conviction relief. We vacate the order and remand for further proceedings.

In October 1995, defendant was charged with committing a second degree sexual assault on his girlfriend. In February 1996, he pled guilty to intimidating a witness, a class four felony, based on events occurring after the alleged sexual assault. The prosecution dismissed other pending charges, and in March 1996, the court sentenced defendant to six years in the Department of Corrections (DOC) "plus a period of parole authorized by section 17–22.5–303, C.R.S."

Between May 1999 and January 2000, defendant filed various motions and related submissions claiming he had not been advised, or had been inadequately advised, of the requirement that he serve three years mandatory parole following his prison sentence. He sought an order from the trial court that the aggregate sentence of prison and mandatory parole would equal six years. The court denied his motions.

On February 7, 2000, defendant filed a post-conviction motion captioned as a Crim. P. 35(a) motion raising the same assertions that he had made in earlier motions, and also citing *Craig v. People*, 986 P.2d 951 (Colo. 1999) and *Benavidez v. People*, 986 P.2d 943 (Colo.1999).

In an order dated February 17, 2000, the trial court concluded that defendant's Crim. P. 35(a) motion should be treated as a Crim. P. 35(c) motion, and it denied the motion, further concluding that defendant had failed to raise any issues not previously presented. The trial court also determined that defendant's motion was untimely because it was filed outside the three-year statutory period applicable to Crim. P. 35(c) motions. Defendant now appeals from that order.

## I.

Defendant contends that the trial court erred in not granting his motion on the merits and in determining that it was time barred. While we conclude the trial court properly treated defendant's motion under Crim. P. 35(c), we further conclude the order denying the Crim. P. 35(c) motion should be vacated and the matter remanded for further proceedings.

Motions under Crim. P. 35(a) are for the purpose of correcting illegal sentences. Generally, an illegal sentence is one that is inconsistent with the terms specified by statutes. *People v. District Court*, 673 P.2d 991 (Colo.1983); *People v. Reynolds*, 907 P.2d 670 (Colo.App.1995). *See also People v. Hoang*, 13 P.3d 819 (Colo.App.2000)(defendant claimed in Crim. P. 35(a) motion that his sentence was illegal because he should have been sentenced as a juvenile offender); *People v. Taylor*, 7 P.3d 1030 (Colo.App.2000)(defendant claimed in Crim. P. 35(a) motion that his sentence was illegal because it changed concurrent sentences to consecutive sentences).

A Crim. P. 35(a) motion to correct an illegal sentence may be filed at any time, whereas Crim. P. 35(c) motions are subject to § 16–5–402(1), C.R.S.2000, which prohibits a person convicted under a criminal statute from collaterally attacking the validity of that conviction unless the attack is commenced within three years of the conviction.

In *Craig v. People*, 986 P.2d 951 (Colo. 1999), defendant moved for post-conviction relief pursuant to Crim. P. 35(c). Although defendant's motion was not filed under Crim. P. 35(a), the supreme court extensively dis-

cussed illegal sentences in the context of mandatory parole, and stated that "any plea agreement purporting to eliminate, waive, modify or direct the trial court's application of parole in a way not available under the sentencing law would call for an illegal sentence...." *Craig v. People, supra,* 986 P.2d at 960. *See People v. Johnson,* 13 P.3d 309, 313 (Colo.2000)(motion for post-conviction relief filed pursuant to Crim. P. 35(c)); *People v. Martin,* 987 P.2d 919, 922 (Colo.App. 1999)("[I]n arguing on appeal that the imposition of mandatory parole was illegal, his challenge is in the nature of a motion under Crim. P. 35(a).... [A] court pursuant to Crim. P. 35(a) may correct an illegal sentence at any time ...."), *rev'd on other grounds,* 26 P.3d 1192 (Colo.2000)(motion for clarification pending).

In contrast, motions that challenge the manner in which a plea is taken—such as whether a defendant has been properly advised concerning mandatory parole—are not challenges to the legality of the sentence. Rather, such claims are challenges to the validity of the underlying plea and are properly brought under Crim. P. 35(c). *See People v. Vichai Xiong,* 10 P.3d 719 (Colo.App.2000)(defendant's Crim. P. 35(c) motion asserted that only the parole board had jurisdiction to order him to serve parole and that the trial court's imposition of mandatory parole violated double jeopardy); *People v. Snare,* 7 P.3d 1025 (Colo.App.1999)(defendant's Crim. P. 35(c) motion claimed that his sentence of imprisonment and mandatory parole time resulted in a total sentence that exceeded the terms of his plea agreement); *People v. Marquez,* 983 P.2d 159 (Colo.App.1999)(Crim.P.35(c) motion challenged reclassification of defendant's parole status); *People v. Mayes,* 981 P.2d 1106 (Colo.App.1999)(Crim.P.35(c) motion asserted that mandatory parole violated prohibition against double jeopardy because defendant was subject to separate sentencing proceedings by the trial court and parole board).

We acknowledge there have been earlier decisions that have corrected illegal sentences in the context of Crim. P. 35(c) proceedings. In *Chae v. People,* 780 P.2d 481 (Colo.1989), for example, the prosecution and defense entered into a plea agreement that called for the trial court illegally to suspend the defendant's prison sentence. The supreme court designated the first issue on appeal as "whether the original sentence imposed by the district court was an illegal sentence." *Chae v. People, supra,* 780 P.2d at 484. It then concluded that the sentence was illegal and, because it was an integral part of the plea agreement entered in that case, that the plea itself could not be upheld.

The court explained that:

[W]hen a defendant enters into a plea agreement that includes as a material element a recommendation for an illegal sentence and the illegal sentence is in fact imposed on the defendant, the guilty plea is invalid and must be vacated because the basis on which the defendant entered the plea included the impermissible inducement of an illegal sentence.

*Chae v. People, supra,* 780 P.2d at 484.

The court also stated that defendant's motion to vacate his guilty plea, which alleged that his plea had not been entered knowingly or voluntarily, "was correctly filed pursuant to Crim. P. 35(c)." *Chae v. People, supra,* fn. 5. *See Craig v. People, supra,* 986 P.2d at 959 (discussing *Chae* with approval). *See also People v. Wirsching,* 30 P.3d 227 (Colo.App.2000)(defendant filed a combined Crim. P. 35(a) and Crim. P. 35(c) motion claiming he had not been advised he would be required to serve a period of mandatory parole upon completion of his prison sentence and that the mandatory parole period resulted in a prison sentence exceeding the maximum sentence he bargained for in his plea agreement); *People v. Reynolds, supra,* 907 P.2d at 672 (citing Crim. P. 35(c), the panel stated that "[a]n unlawful sentence may be corrected by a sentencing court at any time.")

We further acknowledge that the language of Crim. P. 35(a), and Crim. P. 35(c)(2)(IV), overlaps to some extent. Crim. P. 35(a) states, as relevant here, that "[t]he court may correct an illegal sentence at any time." Crim. P. 35(c)(2)(IV) is more specific and states that post-conviction relief under Crim. P. 35(c) may be sought if "the sentence imposed exceeded the maximum authorized by

law, or is otherwise not in accordance with the sentence authorized by law." *See also* Crim. P. 35(c)(2)(I) (allowing post-conviction relief if the sentence was imposed "in violation of the Constitution or laws of the United States or the constitution or laws of this state.").

Nevertheless, while defendants have challenged illegal sentences both under Crim. P. 35(a) and Crim. P. 35(c), *see Chae v. People, supra,* we conclude that post-conviction claims such as the one brought by defendant here do not challenge the legality of a sentence, and are properly brought pursuant to Crim. P. 35(c).

Defendant did not allege that his sentence was illegal on the ground that the imposition of the mandatory parole period violated the applicable sentencing statute. *Compare People v. Martin, supra* (defendant properly filed Crim. P. 35(a) motion claiming that sentence imposed violated the portion of the mandatory parole statute applicable to sex offenders). Indeed, such a claim by defendant here would fail as a matter of law. *See Craig v. People, supra.*

■ The only assertion defendant made in his motion was that he had not been advised adequately concerning mandatory parole, and he therefore challenged the imposition of the period of mandatory parole as part of his sentence. We view his assertion concerning mandatory parole as a challenge to the manner in which the plea was taken, and conclude that his motion should have been filed pursuant to Crim. P. 35(c).

Accordingly, the trial court did not err in treating the motion as a Crim. P. 35(c) motion.

## II.

■ Crim. P. 35(c) motions are subject to § 16–5–402(1), which except for class 1 felonies precludes a collateral attack on the validity of a criminal conviction, unless the attack is commenced within three years of the conviction. *See People v. Metcalf,* 979 P.2d 581 (Colo.App.1999); *People v. Hampton,* 857 P.2d 441 (Colo.App.1992), *aff'd,* 876 P.2d 1236 (Colo.1994).

■ An exception exists if a defendant demonstrates that the failure to seek timely relief under Crim. P. 35(c) was the result of justifiable excuse or excusable neglect. Section 16–5–402(2)(d), C.R.S.2000; *People v. Wiedemer,* 852 P.2d 424 (Colo.1993); *People v. Pennington,* 989 P.2d 230 (Colo.App.1999).

■ Ignorance or misunderstanding of the law and lack of legal assistance does not excuse the late filing of a Crim. P. 35(c) motion. *People v. Vigil,* 955 P.2d 589 (Colo. App.1997).

■ Here, we conclude that defendant's motion should not be deemed time barred under § 16–5–402, until he is afforded a reasonable opportunity to assert facts that could have constituted justifiable excuse or excusable neglect. In so holding, we recognize that his motion asserted no excuse for his untimeliness and that in his opening brief on appeal, he asserted only one reason for his late filing: that he learned of the three-year limitation on Crim. P. 35(c) motions after it had expired and thought he could make the same substantive arguments that he had made in his prior motions in a Crim. P. 35(a) motion. That assertion, even if true, would not constitute justifiable excuse or excusable neglect.

Nevertheless, because timeliness would not have been an issue with regard to a Crim. P. 35(a) motion, but could preclude defendant's Crim. P. 35(c) motion, under these limited circumstances we conclude he is entitled to a reasonable opportunity to assert facts that may constitute justifiable excuse or excusable neglect.

We also observe that the record contains no transcripts reflecting the terms of the plea agreement and the content of the advisement given to defendant, but that this omission occurred through no fault of his. He requested the appropriate transcripts, and the trial court entered orders allowing them, but they were not prepared. We cannot discern from the record why the transcripts were not prepared, but on remand the trial court should consider the appointment of counsel and the entry of an additional order to ensure preparation of the transcripts the court previously ordered.

The absence of an adequate record also prevents meaningful review of defendant's additional claim that the DOC violated his constitutional rights by labeling him as a sex offender, and we express no opinion whether that issue may properly be raised in a Crim. P. 35(c) proceeding. Those issues may be raised with the trial court on remand.

On remand, if the trial court denies defendant's Crim. P. 35(c) motion, it should also correct the mittimus to reflect that defendant is subject to a three-year period of mandatory parole pursuant to § 18–1–105(1)(a)(V)(A), C.R.S.2000, not parole pursuant to § 17–22.5–303. *See Craig v. People, supra.*

The trial court's order denying defendant's Crim. P. 35(c) motion is vacated, and the cause is remanded for further proceedings in accordance with the views expressed in this opinion.

TAUBMAN and ROY, JJ., concur.