**Charlene WOLFORD, n/k/a Charlene Pribble, Plaintiff–Appellant,**

v.

**PINNACOL ASSURANCE, Defendant–Appellee.**

**No. 01CA2415.**

Colorado Court of Appeals, Div. III.

May 22, 2003.

Certiorari Granted Jan. 12, 2004.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S. 2002.

Wilcox & Ogden, P.C., Ralph Ogden, Denver, Colorado, for Plaintiff–Appellant.

Vaughan & Demuro, David R. Demuro, Michael J. Steiner, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge WEBB.

Plaintiff, Charlene Wolford, appeals the summary judgment granted in favor of defendant, Pinnacol Assurance, upholding the forfeiture of permanent partial disability (PPD) benefits previously awarded to her for industrial injuries. She challenges the forfeiture on statutory construction grounds, as a violation of double jeopardy principles, as an excessive fine, and as untimely. We affirm.

Plaintiff sustained physical and emotional industrial injuries when she was assaulted at work. She collected temporary total disability (TTD) benefits of $16,693.63, and was awarded both PPD benefits of $81,251.63 and future medical benefits for psychiatric treatment. *See Support, Inc. v. Indus. Claim Appeals Office*, (Colo.App. No. 96CA0213, July 25, 1996)(not published pursuant to C.A.R. 35(f))(affirming the PPD award).

Plaintiff was employed during portions of the time she received the TTD benefits. As a result, she was charged with willfully mak-ing a false statement or representation material to a claim for recovery under the Workers' Compensation Act, § 8–40–101, et seq., C.R.S.2002(Act), a felony in violation of § 8–43–402, C.R.S.2002 (forfeiture statute). Upon entry of a plea of guilty, the trial court sentenced her to probation for six years and required that she pay restitution, which included the TTD benefits she received while working. The People did not raise, and the court did not address, forfeiture of her PPD benefits.

Plaintiff's employer and its insurer, Pinnacol, then filed an amended final admission of liability in the Division of Workers' Compensation asserting that plaintiff's right to any type of compensation terminated as a result of her conviction. Plaintiff contested the admission, but requested a hearing to determine only whether she was barred from receiving future medical benefits. The administrative law judge, the Industrial Claims Appeals Office, and eventually a division of this court concluded that plaintiff did not forfeit her medical benefits because those benefits were not "compensation" within the meaning of the forfeiture statute. *Support, Inc. v. Indus. Claim Appeals Office*, 968 P.2d 174 (Colo.App.1998)(*Support II* ).

When Pinnacol failed to pay the PPD benefits, plaintiff filed this action in district court requesting judgment in the amount of $81,251.63, a judicial declaration that the forfeiture statute violates her right to be free from both double jeopardy and the imposition of excessive fines, and attorney fees. The trial court granted Pinnacol's motion for summary judgment, concluding that plaintiff forfeited her right to PPD benefits and that the forfeiture did not constitute double jeopardy or an excessive fine.

We review a trial court's decision to grant summary judgment de novo using established standards. Summary judgment is appropriate only if the pleadings and supporting documents demonstrate no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The moving party has the burden to establish that no genuine issue of material fact exists, and any doubt should be resolved against the

moving party. *See Aspen Wilderness Workshop, Inc. v. Colo. Water Conservation Bd.,* 901 P.2d 1251 (Colo.1995).

Each of plaintiff's arguments presents a question of first impression in Colorado.

### I.

Plaintiff first contends the forfeiture statute must be narrowly construed as applying only to benefits tainted by the false representation. Thus, because she fraudulently obtained only the TTD benefits and was otherwise entitled to the PPD benefits, she argues that the PPD benefits are not subject to forfeiture. We disagree.

The forfeiture statute, § 8–43–402, C.R.S. 2002, provides:

> If, for the purpose of obtaining *any* order, benefit, award, compensation, or payment under the provisions of articles 40 to 47 of this title, either for self-gain or for the benefit of any other person, anyone willfully makes a false statement or representation material to the claim, such person commits a class 5 felony and shall be punished as provided in section 18–1.3–401 [formerly 18–1–105], C.R.S., and shall forfeit *all right to compensation* under said articles upon conviction of such offense.

(Emphasis added.) *See* Colo. Sess. Laws 1990, ch. 62, § 8–43–402 at 513 (substantially identical version in effect until October 1, 2002).

■ Because forfeitures are disfavored as a matter of public policy, forfeiture statutes must be strictly construed. However, courts remain bound to give consistent and sensible effect to all parts of the statute. *People v. One 1988 Mazda 323,* 857 P.2d 569 (Colo. App.1993).

■ Here, we discern no ambiguity. The word "any," which modifies the phrase "order, benefit, award, compensation, or payment under the [Act]," clearly means "without limitation or restriction." *See Nat'l Farmers Union Prop. & Cas. Co. v. Estate of Mosher,* 22 P.3d 531 (Colo.App.2000)("any" is inclusive). Likewise, the word "all," which modifies the phrase "right to compensation," is an unambiguous term, and it permits no

exception or exclusion beyond those expressly specified. *See City of Grand Junction v. Ute Water Conservancy Dist.,* 900 P.2d 81 (Colo.1995).

Thus, we hold that plaintiff's act of fraudulently obtaining "any" type of compensation (TTD benefits) resulted in a forfeiture of "all" compensation under the Act, including her PPD benefits. *See Rustic Lodge v. Escobar,* 729 So.2d 1014, 1015 (Fla.Dist.Ct.App.1999)(statutory provision that "[a]n employee shall not be entitled to compensation or benefits" mandates that a claimant forfeit *all* compensation or benefits and does not limit forfeiture to those benefits obtained by unlawful conduct).

We are not persuaded otherwise by plaintiff's reliance on cases decided under the forfeiture provisions in the public nuisance statute, § 16–13–303, C.R.S.2002. This statute expressly requires that the forfeiture be directly tied to the public nuisance. Section 8–43–402 has no comparable requirement.

Accordingly, we conclude that the forfeiture statute applies to plaintiff's PPD benefits.

### II.

Plaintiff next contends that even if the forfeiture statute applies to her PPD benefits, it creates a criminal forfeiture, which was not addressed at her sentencing and therefore cannot be invoked against her afterward. To do so, she argues, would violate her rights under the double jeopardy clauses. Again, we disagree.

■ The double jeopardy clauses of the United States and Colorado Constitutions prohibit the state from: (1) bringing a separate prosecution for the same offense after acquittal; (2) imposing a second prosecution for the same offense after conviction; and (3) imposing multiple punishments for the same crime. *Deutschendorf v. People,* 920 P.2d 53 (Colo.1996).

■ To show the state has imposed multiple punishments for the same crime, a party must establish that: (1) the state has subjected the party to separate proceedings; (2) the conduct precipitating the separate pro-

ceedings was a single offense; and (3) the penalties in each of the proceedings are considered punishment for double jeopardy purposes. *People v. Valdez*, 68 P.3d 484 (Colo. App.2002); *People v. Coolidge*, 953 P.2d 949 (Colo.App.1997).

■ In determining whether a particular sanction subjects a person to double jeopardy, we apply a two-part test, first considering the authorizing statute to determine whether the General Assembly intended a criminal or civil sanction. *People v. Howell*, 64 P.3d 894 (Colo.App.2002)(imposition of costs in a criminal matter is a civil sanction because it renders a civil judgment in favor of the state or the state agency that incurred the cost); *see In re Cardwell*, 50 P.3d 897 (Colo.2002)(lawyer regulation proceedings do not impose criminal punishment for purposes of the Double Jeopardy Clause, and therefore suspension of attorney after criminal conviction does not constitute a subsequent criminal punishment for double jeopardy purposes).

Second, we consider whether even if the General Assembly intended to provide a civil sanction, the sanction violates double jeopardy when it is primarily punitive. *People v. Howell, supra.* We conclude that the General Assembly intended the forfeiture provision in § 8–43–402 to be a criminal sanction, and therefore we need not address the second prong.

### A.

■ The terms of the statute establish two components of a single criminal sentence. First, a person who makes a false statement is punished according to § 18–1.3–401, C.R.S. 2002, for committing a class five felony. Second, the person forfeits his or her right to compensation. *Cf. People v. Mayes*, 981 P.2d 1106 (Colo.App.1999)(terms of the statute established two parts of a single sentence: (1) a term of incarceration; and (2) a mandatory parole term).

Accordingly, we conclude the forfeiture of benefits under § 8–43–402 is a criminal sanction constituting part of an offender's sentence. Nevertheless, we are unpersuaded the sanction violates double jeopardy.

### B.

■ As relevant here, the prohibition against double jeopardy guards against multiple punishments for the same offense. However, belated imposition of a mandatory portion of a criminal sentence does not violate double jeopardy concerns. *Compare People v. Moriarity*, 8 P.3d 566 (Colo.App.2000)(subsequent addition of mandatory parole does not violate double jeopardy because mandatory parole is a required part of defendant's sentence and thus is not a second punishment for the same offense); *People v. Xiong*, 10 P.3d 719 (Colo.App. 2000)(same); *and People v. Mayes, supra* (same); *with People v. McQuarrie*, 66 P.3d 181 (Colo.App.2002)(subsequent assessment of drug offender surcharge violates doubles jeopardy because, unlike mandatory parole and certain unwaivable costs, the surcharge is not mandatory in all cases); *and People v. Shepard*, 989 P.2d 183 (Colo.App.1999)(increasing the amount of restitution after defendant began serving his sentence violated double jeopardy).

■ The forfeiture statute does not contemplate any separate proceeding to determine either the fact or the extent of forfeiture. Indeed, the statute does not provide for any discretion concerning the forfeiture of "all right to compensation."

Thus, when she was convicted of violating § 8–43–402, plaintiff automatically forfeited her right to PPD benefits as one component of a single criminal sentence. She was not subjected to multiple punishments in violation of the double jeopardy clause. *See, e.g., People v. Moriarity, supra; see also Smith v. Mass. Registry of Motor Vehicles*, 948 F.Supp. 101 (D.Mass.1996)(automatic suspension of defendant's driver's license after his criminal conviction did not violate double jeopardy because defendant was subjected to only one proceeding and suspension of his license was automatic upon conviction); *Martin v. Commonwealth*, 672 A.2d 397 (Pa.Commw.Ct.1996)(automatic suspension of driver's license after criminal conviction does not violate double jeopardy even if conviction and suspension occur at different times).

Accordingly, we conclude the forfeiture of benefits under § 8–43–402 does not violate double jeopardy.

### III.

Plaintiff next contends that even if the forfeiture is a civil remedy, forfeiture is barred by the one-year statute of limitations in § 13–80–103, C.R.S.2002, because Pinnacol did not initiate any forfeiture proceeding within one year of her August 1996 conviction. However, because we have concluded the forfeiture in § 8–43–202 is a criminal sanction automatic upon conviction, we need not address this contention.

### IV.

We also reject plaintiff's final contention that a question of fact—whether the forfeiture provision constitutes an excessive fine—precludes summary judgment.

The Eighth Amendment and Colo. Const. art. II, § 20 similarly prohibit the imposition of "excessive fines." *People v. Bolt,* 984 P.2d 1181 (Colo.App.1999).

 A fine is a payment to a sovereign as punishment for some offense. *See People v. Coolidge, supra; see also Jardanowski v. Indus. Comm'n,* 197 Ariz. 246, 3 P.3d 1166 (Ct.App.2000)(dealing with similar workers' compensation forfeiture statute).

In *Simon v. State Compensation Insurance Authority,* 946 P.2d 1298 (Colo.1997), the supreme court determined that the Colorado Compensation Insurance Authority, Pinnacol's predecessor, was a "person" subject to suit under 42 U.S.C. § 1983 (2002) rather than an arm of the state.

The factors relied on by the supreme court in *Simon* are equally applicable to Pinnacol. Pinnacol's employees are exempt from the state personnel system, § 8–45–101(8), C.R.S.2002; Pinnacol's enabling statute says Pinnacol is not a state agency, § 8–45–101(1), C.R.S.2002; the state's liability is limited to the amount in the fund, § 8–45–102(1), C.R.S.2002; and Pinnacol's enabling statute specifies that Pinnacol "shall operate as a domestic mutual insurance company," § 8–45–101(1).

Thus, we conclude the forfeiture statute does not constitute payment to a sovereign and does not offend the excessive fines clauses. *See also Jardanowski v. Indus. Comm'n, supra; Wright v. Uniforms for Indus.,* 772 So.2d 560 (Fla.Dist.Ct.App.2000)(dealing with similar workers' compensation fraud statute). Accordingly, even assuming a factual dispute over disproportionality between the PPD benefits forfeited and the TTD benefits directly tainted by plaintiff's misrepresentation, we conclude that summary judgment was proper.

### V.

Our disposition obviates the need to address plaintiff's request for attorney fees.

The judgment is affirmed.

Chief Judge DAVIDSON and Judge ROY concur.