The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Christopher C. HARRIS, Defendant–
Appellant.

No. 95CA1262.

Colorado Court of Appeals,
Div. V.

Jan. 9, 1997.

Rehearing Denied Feb. 20, 1997.

Gale A. Norton, Attorney General, Stephen
K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Peter J. Cannici, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, State Public Defender,
Kathleen A. Lord, Chief Appellate Deputy
Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge MARQUEZ.

Defendant, Christopher C. Harris, appeals an order of the sentencing court requiring that letters, a videotape, and photographs relating to the multiple murders for which he was convicted be kept in his prison cell at all times. We conclude the sentencing court lacked authority to impose such a condition of confinement and vacate the order.

In order to avoid a possible sentence of death, defendant pled guilty to two counts of first degree murder after deliberation, one count of attempted first degree murder after deliberation, and several other felony charges. The charges were brought against defendant for executing two people and seri-

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1996 Cum.Supp.).

ously wounding a third person during an attempted aggravated robbery. Defendant was sentenced to serve two consecutive life sentences without the possibility of parole, a consecutive 48–year prison sentence, and a consecutive 16–year prison sentence.

At the sentencing hearing, a relative of one of the victims requested that pictures of the victims and videos of the crime be sent with defendant to prison in order to remind him of the impact of his crimes (the videotape was from a surveillance camera which had recorded the murders). The trial court accepted the suggestion and ordered that letters received by the court, the video, and pictures be placed in a packet that was to remain in defendant's prison cell always. The court included a written order to that same effect on the mittimus. On appeal of the sentences, defendant challenges only this special condition imposed by the court.

"A sentence that is beyond the statutory authority of the court is illegal. Courts are limited to imposing sentences within the statutory range authorized by the General Assembly and have no jurisdiction to enter sentences that are inconsistent with their sentencing authority as statutorily defined." *People v. Anaya*, 894 P.2d 28, 31 (Colo.App. 1994). The People concede the validity of this principle.

■ The applicable statutes authorizing the court to sentence defendant to the custody of the Department of Corrections (the Department) do not expressly authorize the court to dictate the conditions of confinement. *See* §§ 16–11–301 and 16–11–308, C.R.S. (1986 Repl.Vol. 8A); § 17–22.5–104(2)(d), C.R.S. (1996 Cum.Supp.); § 18–1–105, C.R.S. (1986 Repl.Vol. 8B); *People v. Brack*, 821 P.2d 928 (Colo.App.1991). However, in support of their contention that the sentencing court is vested with inherent authority to issue an order such as this, the People point to a number of cases from other jurisdictions upholding novel probationary conditions designed to humiliate publicly a convicted offender. *See, e.g., Lindsay v. State*, 606 So.2d 652 (Fla.App.1992) (defendant required to place an announcement of his conviction in a local newspaper).

■ We find such cases inapposite. Unlike a sentence placing a defendant in the custody of the Department, a sentence to probation keeps a defendant under the direct supervision of the sentencing court. In furtherance of its supervisory responsibilities, the sentencing court is explicitly authorized to impose many statutorily enumerated conditions as well as "any other conditions reasonably related to [the probationer's] rehabilitation and the purposes of probation." Section 16–11–204(2)(a)(XV), C.R.S. (1996 Cum.Supp.).

■ No similar provision exists in the statutes authorizing a sentence to the Department. As to such a sentence, the management, supervision, and control of Department facilities are exclusively vested in the director of the Department. *See* § 17–1–103(1)(a), C.R.S. (1996 Cum.Supp.). Accordingly, the special order must be vacated.

The sentences are affirmed except that the special order requiring that the packet remain in defendant's prison room is vacated, and the cause is remanded with directions to delete that provision from the mittimus.

RULAND and TAUBMAN, JJ., concur.