The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

William R. SNARE, Defendant–Appellant.

No. 97CA2083.

Colorado Court of Appeals, Div. I.

Oct. 28, 1999.

Certiorari Denied Aug. 21, 2000.*

---

* Justice KOURLIS does not participate.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, Nancy Bauer Egelhoff, Assistant Attorney

General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Alan Kratz, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge DAVIDSON.

Defendant, William R. Snare, appeals from the trial court's denial of his Crim. P. 35(c) motion. We affirm and remand.

Pursuant to a plea agreement, defendant pled guilty to one count of possession of a controlled substance (methamphetamine), a class four felony. Under the agreement, the prosecution stipulated that if defendant were sentenced to the Department of Corrections (DOC), his sentence would not exceed six years. In exchange for his plea, the prosecution dismissed the remaining charges against him and charges pending against him in an unrelated case.

The trial court then sentenced defendant to four years in a community corrections facility.

Less than a year after his sentence, defendant was terminated from the community corrections program. The trial court, without a hearing, resentenced defendant to the DOC for a four-year prison term. According to defendant, it was not until after he was sentenced to prison that he learned he would be required to serve a mandatory three-year period of parole upon completion of his prison sentence.

Defendant subsequently filed a *pro se* Crim. P. 35(c) motion, claiming that the court erred in resentencing him without holding a hearing. He also claimed that the providency court failed to advise him adequately because he was not informed that he would be required to serve a mandatory period of parole if he were sentenced to prison. Defendant further asserted that his sentence of four years imprisonment and three years of parole resulted in a total sentence of seven years and violated the terms of his plea agreement.

The trial court denied the motion without holding a hearing or appointing counsel to represent defendant on the motion.

### I.

Section 17–27–105, C.R.S.1999, provides that, after an offender has been rejected from community corrections, a court may resentence such offender without a hearing so long as the sentence does not exceed the sentence originally imposed. In *People v. Johnson*, 987 P.2d 928 (Colo.App.1999), a division of this court held that, under that statute, a trial court may not impose an aggregate sentence, including the mandatory period of parole, that exceeds the length of the community corrections sentence.

Accordingly, defendant contends that the four-year term of imprisonment to the DOC plus the three-year mandatory period of parole which he now faces exceeds the four-year sentence to community corrections originally imposed, and therefore, that sentence was imposed illegally under § 17–27–105. Defendant also contends that, because he has been sentenced to the custody of the DOC for a total of seven years, the sentence violates the terms of the plea agreement which stipulated a sentence cap of six years.

To the contrary, however, we conclude that the mandatory period of parole is not included in calculating the length of a defendant's term of imprisonment to which he is resentenced, as here, after termination from community corrections. Thus, we disagree that defendant's DOC sentence illegally exceeded his original sentence.

If a court sentences a defendant to the DOC, then jurisdiction over the defendant lies in the executive branch. If the DOC later chooses to transfer the defendant to a community corrections program under § 17–27–105(2)(a), C.R.S.1999, jurisdiction over the defendant remains in the executive branch under § 17–27–105(2)(b), C.R.S.1999 (executive director of DOC to designate staff to maintain jurisdiction over all offenders placed in any community corrections program by order of the executive director or as a condition of parole). Thus, a defendant sentenced to the DOC or transferred by the DOC to community corrections is required to serve the mandatory period of parole which attaches to sentences to the DOC. *See* § 18–

1–105(1)(a)(V)(A) (listing sentence ranges to imprisonment and mandatory periods of parole); *Craig v. People,* 986 P.2d 951 (Colo. 1999) (mandatory period of parole is a "statutorily prescribed sentence component that attaches automatically to any felony sentence involving imprisonment").

In contrast, if a defendant is directly sentenced to community corrections, jurisdiction remains with the judicial branch because supervision of the defendant lies with the probation department, which is an arm of the judicial branch. Section 17–27–105(1)(f), C.R.S.1999 (probation department has jurisdiction over offenders sentenced directly to community corrections); *People v. Harris,* 934 P.2d 882 (Colo.App.1997) (sentence to probation keeps a defendant under the direct supervision of the sentencing court). Hence, a sentence to community corrections under those circumstances does not invoke a mandatory period of parole. *See Benavidez v. People,* 986 P.2d 943 (Colo.1999) (offender directly sentenced to community corrections is not subject to mandatory parole unless rejected from community corrections for violation of rules of community corrections program).

When a defendant is rejected by the community corrections program and, in resentencing, the trial court sentences the defendant to the DOC, jurisdiction over the defendant is transferred from the judicial to the executive branch. The sentence is then subject to a mandatory period of parole, to be administered by the Board of Parole, following discharge of that sentence. *See Benavidez v. People, supra;* § 17–2–201, C.R.S.1999.

Here, defendant originally was sentenced directly to community corrections, jurisdiction over him remained in the judicial branch, and his direct sentence to community corrections was not subject to a mandatory period of parole. When he was terminated from the community corrections program, and resentenced to DOC, jurisdiction over him was transferred to the executive branch. And, because a sentence to the DOC carries with it a mandatory period of parole, defendant's term of imprisonment then became subject to the mandatory period of parole.

Under § 17–27–105(1)(e), C.R.S.1999, upon resentencing an offender who, as here, has been rejected from community corrections, a trial court may only impose a sentence to the DOC that does not exceed the original sentence to community corrections. However, since the mandatory period of parole is imposed, not by the judicial branch, but by the executive branch, it simply does not fall within the trial court's discretionary sentencing authority. Thus, this statutory limitation can refer only to that which is within the court's actual sentencing power; it cannot affect a statutorily required period of mandatory parole over which the court holds no jurisdiction to alter. *Cf. Craig v. People, supra* (in context of plea agreements, sentence concessions must be understood as speaking only to the discretionary aspects of sentencing where such accommodations actually could be entertained by the trial court).

In other words, when, as here, the court has sentenced a defendant to community corrections and later resentences the defendant to the DOC under § 17–27–105(1)(e), the period of mandatory parole is not a factor in resentencing defendant. Rather, the allowable number of years to the DOC which a court may impose is the length of the original direct sentence to community corrections. *Cf. Craig v. People, supra* (a reasonable person would understand that a sentence to the DOC refers only to the imprisonment component of a sentence and does not encompass the mandatory parole period).

Accordingly, we conclude that, the sentence, as set forth in § 17–27–105, refers to the term of imprisonment and does not include the mandatory parole period which follows. Contrary both to defendant's argument and the determination of the division in *People v. Johnson, supra,* which preceded the supreme court announcements in *Craig* and *Benavidez,* here, defendant's three-year term of mandatory parole is not included in his resentence to the DOC. Thus, his four-year sentence to the DOC neither violated his plea agreement nor exceeded the four-year sentence to community corrections originally imposed.

## II.

■ Defendant argues, nevertheless, that even if his sentence otherwise was legal, the trial court's advisement of the possible penalties he faced was inadequate. Specifically, he argues, had he known that upon rejection from community corrections, he faced a sentence to imprisonment to be followed by a period of mandatory parole, he would not have entered his plea.

However, a sentence to community corrections was not contemplated under the plea agreement. Therefore, there would have been no reason for defendant to have been advised by the trial court as to the consequences of a sentence to community corrections in lieu of a DOC sentence. Even if a sentence to community corrections had been part of the agreement, no advisement as to mandatory parole was required. *Benavidez v. People, supra* (mandatory parole is not a direct consequence of sentence to community corrections).

■ Because the plea agreement included a stipulation by the prosecution that, if defendant were sentenced to the DOC, his sentence would be capped at six years, we do consider whether defendant entered his plea knowingly, that is, that he was aware that he was subject to a sentence up to six-years imprisonment to be followed by a three-year mandatory period of parole. We conclude that defendant adequately was advised of these penalties.

■ A proper advisement concerning mandatory parole must indicate that the parole term occurs after, in addition to, or distinct from any period of imprisonment. A proper advisement must also include the length of mandatory parole. The advisement need not comport with any prescribed ritual or script. The appropriate inquiry is whether the record as a whole shows that the defendant was given sufficient notice of the matter in question. *Craig v. People, supra.*

Here, the written plea agreement specifically provided that the offense to which defendant was pleading "carries a mandatory parole period of 3 years following incarceration." Further, defendant was advised by the trial court that it could put him in prison for a minimum of two years to a maximum period of six years and that "the offense carries a mandatory parole period after incarceration of three years." The court also informed defendant at the providency hearing that, in the absence of the agreement, he could be sentenced up to 12 years in prison plus a mandatory three-year parole period to be served after incarceration. Defendant acknowledged his understanding of the terms of the plea agreement as written and as discussed in open court.

Consequently, because defendant was advised in the written plea and at the providency hearing of the consequences of his plea, and he affirmed his understanding of the agreement, the record establishes that defendant was on notice that, were he to be sentenced to a term of imprisonment, he would be required to serve a mandatory period of parole. *See Craig v. People, supra; Benavidez v. People, supra; see also People v. Calderon,* 992 P.2d 1201 (Colo.App.1999) (if defendant is aware of the mandatory period of parole at time plea is entered, then plea is made knowingly).

## III.

■ Because we have concluded that defendant's plea was valid, and that the sentence imposed on him to the DOC was legal, the trial court did not err in denying his Crim. P. 35(c) motion without appointing counsel or holding a hearing. *See People v. Hartkemeyer,* 843 P.2d 92 (Colo.App.1992) (trial court may deny Crim. P. 35(c) motion without hearing if motion, files, and record establish that the defendant is not entitled to relief).

## IV.

■ We also disagree with defendant's final contention that his sentence is not subject to a period of parole because the court did not authorize it on the mittimus.

The court's failure to enter the mandatory period of parole on the mittimus does not affect the requirement that it be served. Section 18–1–105(1)(a)(V)(A) imposes a mandatory period of parole that may not be waived or suspended. The remedy is to

remand the case for the trial court to correct the mittimus to reflect the required period of parole. *See Craig v. People supra; People v. Reynolds,* 907 P.2d 670 (Colo.App.1995) (mittimus which does not specify the required period of parole may be corrected by the sentencing court).

The order is affirmed, and the cause is remanded for correction of the mittimus to specify the required period of parole.

Judge METZGER and Judge CRISWELL concur.