The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Mark Lowe LUTHER, Defendant–
Appellant.

No. 00CA1644.

Colorado Court of Appeals,
Div. III.

Aug. 30, 2001.

Rehearing Denied Nov. 23, 2001.

Certiorari Granted March 18, 2002.

Ken Salazar, Attorney General, Michelle L. Prince, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Mark Lowe Luther, pro se.

Opinion by Judge MARQUEZ.

Defendant, Mark Lowe Luther, appeals from the trial court order denying his Crim. P. 35(a) motion for postconviction relief. We affirm in part, reverse in part, and remand for correction of the mittimus.

In 1995, defendant was convicted of reckless manslaughter, a class four felony. The trial court sentenced him to an eighteen-month term in the Department of Corrections (DOC). Although the mittimus referred to a term of parole authorized by § 17–22.5–303, C.R.S., a three-year period of mandatory parole automatically attached to defendant's prison sentence pursuant to § 18–1–105(1)(a)(V)(A), C.R.S.2000.

On December 5, 1996, defendant was released to parole. As a condition of parole, he was to serve 180 days of intensive supervised parole (ISP), which included in-home detention between specified hours. On March 7, 1997, defendant absconded, but ultimately was arrested in Texas and extradited to Colorado.

On April 15, 1997, defendant was charged with escape pursuant to §§ 17–27.5–104, 18–8–208(1) & (2), C.R.S.2000, and theft of the electronic monitoring device used while he was on parole. On May 19, 1997, the parole board revoked defendant's parole, and he remained in custody pending disposition of those charges.

. On July 3, 1997, after being fully advised, defendant pled guilty to attempted escape from ISP, a class four felony under § 18–8–208.1(1), C.R.S.2000. Pursuant to the plea agreement, the other charges were dismissed, and the parties stipulated to a three-year sentence in DOC, consecutive to his earlier manslaughter sentence. The trial court also advised defendant that he would have to serve the balance of his manslaughter sentence before he began serving the new three-year sentence. He was also advised that he would be subject to an additional three-year period of parole.

The trial court sentenced defendant on the attempted escape charge to a three-year term in DOC, plus any term of parole authorized by § 18–1–105(1)(a)(V), to be served consecutively to the manslaughter sentence he already was serving.

Defendant thereafter filed the Crim. P. 35 motion at issue here, asserting that his sentence is illegal because it requires him to serve two periods of mandatory parole, one for the manslaughter conviction and one for the attempted escape conviction, in violation of § 18–1–105(1)(a)(V)(E), C.R.S.2000. Finding that his sentence conformed to the statutory sentencing scheme, the trial court denied the motion.

Defendant contends that requiring him to serve his escape sentence consecutively to his manslaughter sentence compels him to serve two periods of mandatory parole in violation of the statutory scheme, his right to protection from double jeopardy, and his rights to due process and equal protection. We conclude that consecutive sentences were authorized, but agree that requiring service of two periods of mandatory parole violates the statutory scheme. Therefore, we need not address defendant's constitutional arguments.

█ Beginning July 1, 1993, the General Assembly determined that almost every sentence involving a term of imprisonment would have two components: 1) a sentence of incarceration to be served in the custody of the DOC; and 2) a term of mandatory parole administered by the state parole board. *See* §§ 17–22.5–403(7), 18–1–105(1)(a)(V)(A), C.R.S.2000; *Craig v. People*, 986 P.2d 951, 959 (Colo.1999).

█ Thus, an offender subject to mandatory parole must serve such mandatory parole following discharge from imprisonment, whether such discharge is through some form of early release under the auspices of the state board of parole or through release after serving the entire period of confinement specified in the sentence. *See* § 18–1–105(1)(a)(V)(B), C.R.S.2000; *Craig v. People*, *supra*, 986 P.2d at 958.

The class of felony for which the defendant was convicted determines the exact length of the additional parole term. *See* § 18–1–105(1)(a)(V)(A). This period is mandatory in that it may not be waived by the offender or

waived or suspended by the trial court. *See* § 18–1–105(1)(a)(V)(B); *Craig v. People, supra,* 986 P.2d at 958.

If an offender is found to have violated a condition of parole, the parole board has several options. One option is to revoke the parole and order the return of the offender to a place of confinement designated by the executive director for any period of time up to the remainder of the maximum term of the offender's mandatory parole period as set forth in § 18–1–105(1)(a)(V).

However, § 18–1–105(1)(a)(V)(E) provides: If an offender is sentenced consecutively for the commission of two or more felony offenses pursuant to [§ 18–1–105(1)(a)(V)(A)], the mandatory period of parole for such offender shall be the mandatory period of parole established for the highest class felony of which such offender has been convicted.

Further, § 18–8–208.1(1) provides that an offender who knowingly attempts to escape from custody or confinement following conviction of a felony commits a class four felony. The statute requires that the sentence imposed for this offense run consecutively to any sentences being served by the offender. *See People v. Andrews,* 871 P.2d 1199, 1203 (Colo.1994)(escape statutes provide for enhanced sentencing for escape convictions by requiring consecutive sentences).

Here, defendant was on mandatory parole after being convicted of reckless manslaughter. He violated the terms of his mandatory parole by absconding only three months after his release from incarceration. As a consequence, his parole was revoked on May 19, 1997. And, unless he otherwise was granted parole again, defendant ordinarily would be required to serve the remainder of his mandatory parole period inside the correctional facility. *See* § 17–22.5–403(8)(a), C.R.S.2000.

Consequently, when defendant was sentenced on the escape charge on July 3, 1997, he had not completed serving the period of mandatory parole on the reckless manslaughter conviction. And, the trial court in effect required him to serve two periods of mandatory parole when it sentenced him on the escape conviction.

Although defendant was incarcerated for violation of parole and his original sentence could be deemed discharged pursuant to § 18–1–105(1)(a)(V)(D), C.R.S.2000, as the People assert, we conclude that § 18–1–105(1)(a)(V)(E) applies here.

Beginning on July 1, 1993, with certain exceptions for persons convicted of sex offenses, all class two through six felony convictions in Colorado involving a sentence to a term of imprisonment have been subject to an additional period of mandatory parole. *See Martin v. People,* 27 P.3d 846 (Colo. 2001); *People v. Cooper,* 27 P.3d 348 (Colo. 2001); *Craig v. People, supra.* Section 18–1–105(1)(a)(V)(E) was also enacted in 1993. Colo. Sess. Laws 1993, ch. 322 at 1983. There are no terms in the statute prohibiting its application to defendants who are reincarcerated for parole violations. Rather, the statute simply reads, "If an offender is sentenced consecutively...." Here, defendant was sentenced consecutively, and the statute expressly applies to any defendant convicted of two felony offenses. *People v. Boyd,* 23 P.3d 1242, 1245 (Colo.App.2001).

Thus, we agree with defendant that his sentence to two periods of mandatory parole violated the statutory provisions governing consecutive sentences.

Our interpretation is consistent with the application of this statute under similar circumstances in *Dawson v. People,* 30 P.3d 213 (Colo.2001). There, the defendant pled guilty to a class four felony and was sentenced to eight years in a community corrections program. The defendant subsequently walked away from the program, and his sentence was transferred to eight years in DOC plus a term of parole. He later pled guilty to a second count of attempted escape, a class four felony. For this offense, the defendant was sentenced to three years in DOC, consecutive to the eight-year sentence imposed earlier, plus a three-year period of mandatory parole. Although the issue before the court was the propriety of the trial court's advisement regarding mandatory parole, the supreme court also noted, "Even though the sentences were consecutive, the period of parole is concurrent. *See* § 18–1–

105[ (1)(a) ](V)(E)...." *Dawson v. People, supra*, 30 P.3d at 217 n. 3.

However, we reject defendant's double jeopardy argument. Defendant was convicted of two separate offenses, each of which carries a mandatory parole period. Thus, we find no violation of the prohibition against double jeopardy. *See People v. Mayes*, 981 P.2d 1106, 1108 (Colo.App.1999)(constitutional prohibition against double jeopardy protects a defendant from multiple punishments for the same offense). And, because we have concluded that defendant may not be required to serve two periods of mandatory parole, we need not address his due process, equal protection, and rule of lenity arguments.

However, because the trial court did not specify that the reckless manslaughter sentence included a three-year period of mandatory parole, we remand the case with instructions to enter an amended mittimus. *See* § 18–1–105(1)(a)(V)(A); *Craig v. People, supra*, 986 P.2d at 966 (mittimus that does not specify the proper period of parole must be corrected by the sentencing court).

The mittimus for attempted escape should also reflect that the period of parole is concurrent with the period of parole for reckless manslaughter. *See* § 18–1–105(1)(a)(V)(E); *Dawson v. People, supra*. Thus, in effect, service of defendant's sentence for attempted escape began on July 3, 1997, when defendant was sentenced for attempted escape. This will be followed by a three-year period of mandatory parole.

The order is reversed to the extent it requires service of two periods of mandatory parole. The remainder of the order is affirmed, and the case is remanded for correction of the mittimus.

Judge JONES and Judge DAILEY concur.