24CA0380 Peo v Veater 02-27-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0380
Arapahoe County District Court No. 20CR1034
Honorable Ben L. Leutwyler III, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Scott Howard Veater,

Defendant-Appellant.

---

ORDER AFFIRMED

Division V
Opinion by JUDGE FREYRE
Schock and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 27, 2025

---

Philip J. Weiser, Attorney General, William G. Kozeliski, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Scott Howard Veater, Pro Se

¶ 1 Defendant, Scott Howard Veater, appeals the district court's order denying his Crim. P. 35(c) motion for postconviction relief. We affirm.

I. Background

¶ 2 The State charged Veater with sexual assault on a child and two counts of sexual assault on a child committed as part of a pattern of abuse. The complaint listed two victims. Veater pleaded guilty to an added count of sexual exploitation of a child in exchange for the dismissal of the original charges and a stipulated sentence of ten years on sex offender intensive supervision probation (SOISP) with ninety days in jail as a condition of probation. As part of the plea agreement, Veater waived his right to a direct appeal and to any reconsideration of his sentence. The district court accepted Veater's guilty plea and imposed the stipulated sentence.

¶ 3 Approximately two years later, Veater's probation officer filed a complaint to revoke his SOISP, alleging that he violated its conditions. After a hearing on the complaint, the district court found that Veater had violated the conditions of SOISP, revoked the probation sentence, and resentenced him to ten years in the

1

custody of the Department of Corrections. The court denied Veater's Crim. P. 35(b) motion for a reduction of sentence.

¶ 4     Veater then filed a timely pro se Crim. P. 35(c) motion and requested the appointment of counsel. The postconviction court denied the motion without a hearing and without appointing counsel. This appeal followed.

## II.     Standard of Review

¶ 5     We review a district court's denial of a Crim. P. 35(c) motion without a hearing de novo. *People v. Cali*, 2020 CO 20, ¶ 14. Defendants need not set forth evidentiary support for their allegations in a Crim. P. 35 motion, but instead need only assert facts that, if true, would provide a basis for relief. *White v. Denver Dist. Ct.*, 766 P.2d 632, 635 (Colo. 1988). A Crim. P. 35(c) motion may be denied without an evidentiary hearing only where the motion, files, and record clearly establish that the defendant's allegations are without merit and do not warrant relief. *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003).

## III.     Request to File an Untimely Supplemental Motion

¶ 6     A Crim. P. 35(c) motion must be filed within three years of a defendant's conviction for an offense other than a class 1 felony.

§ 16-5-402(1), C.R.S. 2024; Crim. P. 35(c)(3)(I). "For purposes of [section] 16-5-402 and postconviction review, if there is no direct appeal, a conviction occurs when the trial court enters judgment and sentence is imposed." *People v. Collier*, 151 P.3d 668, 671 (Colo. App. 2006). But, as relevant here, a postconviction claim shall be excluded from the time limitation period where a court finds that the "failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect." § 16-5-402(2)(d).

¶ 7      In his Crim. P. 35(c) motion, Veater indicated that he wanted to submit a supplemental motion with additional claims and arguments and asked the postconviction court to make a finding that justifiable excuse or excusable neglect existed to excuse his future filing of this supplemental motion after the expiration of section 16-5-402(1)'s three-year deadline. The court found that Veater's Crim. P. 35(c) motion was timely filed but that he did not allege sufficient facts to establish justifiable excuse or excusable neglect to permit the untimely filing of a supplemental motion. Veater appeals this latter finding.

¶ 8     Veater does not provide, nor have we found, any authority that allows a postconviction court to make a preemptive justifiable excuse or excusable neglect finding to excuse a yet-to-be-filed Crim. P. 35(c) motion.  *See People v. Ambos*, 51 P.3d 1070, 1071-72 (Colo. App. 2002) ("[T]he timely commencement of a collateral attack fails to toll the limitations period with respect to additional postconviction claims not contained in the timely filed motion."); *see also Bd. of Dirs., Metro Wastewater Reclamation Dist. v. Nat'l Union Fire Ins. Co.*, 105 P.3d 653, 656 (Colo. 2005) ("Ripeness tests whether the issue is real, immediate, and fit for adjudication. Courts should refuse to consider uncertain or contingent future matters that suppose speculative injury that may never occur.") (citation omitted); *People v. Vigil*, 2023 COA 12, ¶ 15.  Instead, the rules of criminal procedure require defendants to file their untimely motion and allege an exception to section 16-5-402(1)'s three-year deadline.  *See* Crim. P. 35(c)(3)(I) ("Any motion filed outside of the time limits set forth in [section] 16-5-402 . . . shall allege facts which, if true, would establish one of the exceptions listed in [section] 16-5-402(2) . . . .").

¶ 9 Further, the Colorado Supreme Court held that, in determining whether a defendant established justifiable excuse or excusable neglect, "it [is] appropriate to consider the circumstances existing throughout the entire period from the inception of the conviction in question." *People v. Wiedemer*, 852 P.2d 424, 441 (Colo. 1993). A finding of justifiable excuse or excusable neglect regarding a yet-to-be-filed postconviction motion could not be based on a consideration of all circumstances existing throughout the entire period.

¶ 10 Therefore, we conclude that the postconviction court did not err by denying Veater's request for a justifiable excuse or excusable neglect finding. *See People v. Hamm*, 2019 COA 90, ¶ 23 ("[W]e will affirm a district court's denial of a Rule 35 motion on any ground supported by the record, even if the district court did not consider or contemplate that ground.").

## IV. Ineffective Assistance of Plea Counsel

¶ 11 In his motion, Veater asserted that plea counsel was ineffective for failing to (1) adequately advise him of the consequences of pleading guilty, (2) obtain an evaluation to determine whether he was competent to enter a valid guilty plea, (3)

investigate the impact his mental health issues had on his ability to understand the consequences of pleading guilty, and (4) adequately investigate his defense. He also argued that plea counsel was ineffective for failing to obtain a sentencing mitigation packet and to perfect a direct appeal of his sentence or apply for sentence reconsideration. In a thorough written order, the postconviction court denied these claims, finding that the record undermined Veater's assertions or that his allegations, if true, were insufficient to establish ineffective assistance of counsel.

¶ 12    We conclude that the postconviction court did not err by denying these claims without a hearing. *See* Crim. P. 35(c)(3)(IV); *People v. Delgado*, 2019 COA 55, ¶ 8 (A court may deny a Crim. P. 35(c) motion without a hearing "if the motion, files, and record clearly establish that the defendant is not entitled to relief; if the allegations, even if true, don't provide a basis for relief; or if the claims are bare and conclusory in nature and lack supporting factual allegations.").

A. Standard of Review

¶ 13

¶ 14   Criminal defendants are constitutionally entitled to effective assistance from their counsel. *Ardolino*, 69 P.3d at 76. This right to the effective assistance of counsel extends to the plea bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012); *Missouri v. Frye*, 566 U.S. 134, 144 (2012). "[A] defendant may challenge [a] guilty plea on the grounds of ineffective assistance of counsel when that challenge goes to the issue of whether the plea was knowingly, voluntarily, and intelligently entered." *People v. Stovall*, 2012 COA 7M, ¶ 13.

¶ 15   "In order to prevail on an ineffective assistance of counsel claim, a defendant must prove that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense." *Dunlap v. People*, 173 P.3d 1054, 1062 (Colo. 2007). The failure to prove one of these two prongs defeats an ineffective assistance claim. *People v. Thompson*, 2020 COA 117, ¶ 50.

¶ 16   To establish deficient performance, a defendant must prove that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *see also Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (applying the *Strickland* test to ineffective assistance of counsel claims in

7

cases involving guilty pleas). "[J]udicial scrutiny of counsel's performance must be highly deferential, evaluate particular acts and omissions from counsel's perspective at the time, and indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Ardolino*, 69 P.3d at 76.

¶ 17    To establish prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

¶ 18    "To prove prejudice in the context of a guilty plea, the defendant must establish a reasonable probability that but for counsel's errors, [they] would not have pleaded guilty and would have insisted on going to trial." *People v. Vicente-Sontay*, 2014 COA 175, ¶ 20. Further, the defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010); *see also People v. Finney*, 2012 COA 38, ¶ 71, *aff'd*, 2014 CO 38.

¶ 19    "The denial of a claim of ineffective assistance of counsel without a hearing is justified if, but only if, the existing record establishes that the defendant's allegations, even if proven true, would fail to establish either constitutionally deficient performance or prejudice."  *People v. Chavez-Torres*, 2016 COA 169M, ¶ 31, *aff'd*, 2019 CO 59.

## B. Investigation of Competency

¶ 20    Based on the record before us, we conclude that Veater's assertions regarding plea counsel's advisement and investigation into his competency and mental health, if true, did not warrant a hearing.

¶ 21    Although the transcript of the providency hearing is not in the record before us (*see* Part V below), the plea documents demonstrate that plea counsel advised Veater of, and that Veater understood, the offense to which he was pleading guilty, the sentencing consequences of pleading guilty, and the rights he was waiving by pleading guilty.  Plea counsel represented that he had discussed these matters with Veater, and Veater acknowledged his satisfaction with counsel's advice.  Ultimately, the providency court found that Veater understood these advisements.

¶ 22    The plea documents also reflect Veater's confirmation that (1) "[his] mental and physical health [were] satisfactory, and [he was] able to understand what [wa]s happening in these proceedings so that [he could] make important decisions on [his] own behalf"; (2) he was "completely alert, thinking clearly, and . . . able to exercise sound judgment"; (3) he "underst[oo]d the court proceedings clearly and [was] not suffering . . . from any mental health issues or from the effects of any drugs, alcohol or medications which would affect [his] decision to plead guilty"; and (4) his decision to plead guilty was "made knowingly, freely, voluntarily, and intelligently." Counsel agreed that Veater "[wa]s competent to proceed and that the plea [wa]s being tendered by [him] freely, knowingly, and voluntarily." Ultimately, the providency court found that Veater was competent to proceed.

¶ 23    Further, a pre-plea offense-specific evaluation and the presentence investigation report identified Veater's mental health issues but observed that he did not exhibit any deficiencies in his thinking or comprehension. Cognitive impairment testing revealed that Veater was within normal limits. And these documents, as well as the sentencing hearing transcript, contain statements from

10

Veater regarding the incident and the criminal proceeding that reflect his understanding of the legal proceedings. He has not cited, nor are we aware of, any legal authority equating mental illness with the legal standard for legal competence.

¶ 24   Accordingly, we conclude that Veater's allegations of plea counsel's deficiencies are belied by this record and that the allegations, if true, do not establish that counsel's performance fell below an objective standard of reasonableness. *See People v. Wilson*, 397 P.3d 1090, 1097 (Colo. App. 2011) ("To prevail on a claim of ineffective assistance of counsel, a defendant must show that, in light of all the circumstances, the identified acts or omissions of counsel were outside the wide range of professionally competent assistance."), *aff'd*, 2015 CO 37.

## C. Inadequate Investigation

¶ 25   To the extent Veater alleges that plea counsel failed to adequately investigate his case, he does not specify what counsel should have done except to request a competency examination. For the reasons described above, nothing in the record suggests that Veater was legally incompetent or that counsel had any basis to request such an exam. Thus, without more, Veater's allegation

alone is insufficient to establish deficient performance. *See People v. Zuniga*, 80 P.3d 965, 973 (Colo. App. 2003) (rejecting the defendant's claim that counsel was ineffective for conducting an inadequate investigation because he did "not explain[] what additional investigation counsel should have done, what the results of those efforts would have been, and how they would have affected the outcome of the case"); *see also People v. Villanueva*, 2016 COA 70, ¶¶ 67-68 (A defendant "must do more than simply allege that other evidence could have aided [their] defense; [they] must identify the evidence and demonstrate that it would have advanced [their] defense.").

## D. Sentencing Mitigation

¶ 26    Veater next contends that plea counsel's representation during sentencing was deficient because he failed to present an independent Veterans Affairs Mitigation Packet (VAMP).  Accepting this allegation as true, we conclude that it does not establish that Veater is entitled to relief.  Veater did not identify what impact a sentencing mitigation packet would have had since his plea agreement called for a stipulated ten-year SOISP sentence. Moreover, the plea agreement paperwork shows that Veater waived

12

his right to seek a sentence reconsideration, so the VAMP could not have assisted him in that regard. Finally, to the extent Veater asserts it would have assisted in a direct appeal of his sentence, the record shows that Veater waived his right to appeal his sentence both in the paperwork and by agreeing to a stipulated sentence. *See* § 18-1-409(1), C.R.S. 2024 ("[I]f the sentence is within a range agreed upon by the parties pursuant to a plea agreement, the defendant shall not have the right of appellate review of the propriety of the sentence.").

## E. Remaining Claim

¶ 27 Veater asserts in his opening brief that plea counsel was deficient in not hiring an expert witness. But a review of the record shows that he did not make this specific allegation in his Crim. P. 35(c) motion, so we do not consider it for the first time here. *See People v. Goldman*, 923 P.2d 374, 375 (Colo. App. 1996); *see also People v. Rodriguez*, 914 P.2d 230, 251 (Colo. 1996) (rejecting the defendant's "attempts to use his brief on . . . appeal to fortify a number of issues inadequately raised or supported by his [postconviction] motion").

## F. No Prejudice

¶ 28    Finally, even assuming, without deciding, that plea counsel's performance was deficient, we conclude that Veater did not assert facts that, if true, would establish a reasonable probability that he would have rejected the plea offer and proceeded to trial.

¶ 29    If he had proceeded to trial, Veater would have faced three sex offense charges under the Colorado Sex Offender Lifetime Supervision Act of 1998. *See* § 18-1.3-1003(5)(a)(IV), C.R.S. 2024. If convicted of these offenses against two victims, Veater would have been subject to a consecutive, indeterminate prison sentence. *See* § 18-1.3-1003(4); § 18-1.3-1004(1)(a), C.R.S. 2024; *see also* § 18-1-408(3), C.R.S. 2024 ("[W]here multiple victims are involved, the court may, within its discretion, impose consecutive sentences."); *Juhl v. People*, 172 P.3d 896, 899 (Colo. 2007) (generally, a trial court has the discretion to impose either concurrent or consecutive sentences when a defendant is convicted of multiple offenses).

¶ 30    Instead, Veater's acceptance of the plea agreement resulted in the dismissal of the original sex offense charges, a conviction of one felony sex offense that is not subject to indeterminate sentencing, and a stipulated determinate sentence to probation. Indeed, the

presentence investigation report noted that Veater referred to the sentencing stipulation as "the best outcome [he] could have hoped for."

¶ 31 Thus, Veater did not allege facts that, if true, would demonstrate that, but for plea counsel's allegedly deficient performance, it would have been rational for him to reject the plea offer and proceed to trial. *See People v. Corson*, 2016 CO 33, ¶ 42 (The defendant did not show a reasonable probability that he would have rejected the plea offer and proceeded to trial because the plea agreement provided substantial benefits to him and he "faced a daunting downside risk at trial."); *People v. Sifuentes*, 2017 COA 48M, ¶ 21 ("Various factors should inform a court's analysis of whether a decision to reject the guilty plea would have been rational," including "the strength of the prosecution's case" and "the attractiveness of the plea deal and the risks of going to trial.").

V. District Court Plea Advisement

¶ 32 In his motion, Veater also argued that the providency court failed to sufficiently advise him before accepting his guilty plea. The postconviction court found that the record undermined this claim. We agree.

15

¶ 33    "Given the important rights at stake, to be constitutionally valid, a defendant must enter [a] guilty plea knowingly, voluntarily, and intelligently." *Sanchez-Martinez v. People*, 250 P.3d 1248, 1255 (Colo. 2011). "To ensure the constitutionality of guilty pleas, Crim. P. 11(b) outlines various determinations the court must make before accepting a guilty plea." *Id.* at 1254.

¶ 34    Initially, we are unable to review the transcript of the providency hearing because it was not included in the appellate record. *See People v. Duran*, 2015 COA 141, ¶ 12 ("It is the appellant's responsibility to designate the record on appeal, including those parts of the trial proceedings that are necessary for purposes of the appeal . . . ."). In the absence of the transcript, we presume that it supports the postconviction court's finding that Veater received a sufficient plea advisement at the providency hearing. *Id.*

¶ 35    And, even accepting as true Veater's assertion that he received a deficient plea advisement, he failed to demonstrate that the error was not harmless. *Dawson v. People*, 30 P.3d 213, 216-17 (Colo. 2001) (affirming the denial of the defendant's Crim. P. 35(c) motion to withdraw his guilty plea because the defendant "suffered no

16

prejudice from the inadequate Crim. P. 11 advisements"). Indeed, the plea documents containing Veater's initials and signature verifying that he understood the terms of the plea agreement and was knowingly and voluntarily entering his guilty plea demonstrate that he received a proper advisement before pleading guilty.

## VI. Appointment of Counsel

¶ 36 Lastly, because Veater did not assert a claim that has arguable merit, we conclude that the postconviction court did not err by denying his request for the appointment of counsel. *See People v. Segura*, 2024 CO 70, ¶¶ 7, 25.

## VII. Disposition

¶ 37 The order is affirmed.

JUDGE SCHOCK and JUDGE SULLIVAN concur.